**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**AT ROME**

| | |
|---|---|
| **MILDRED FRICKS,** | * |
| | * |
| Plaintiff, | * |
| | * No. 4:19-cv-00296-AT |
| v. | * |
| | * JURY DEMAND |
| **TERRY O'NEAL d/b/a CHICK-FIL-A** | * |
| **at FORT OGLETHORPE FSU,** | * |
| | * |
| Defendant. | * |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW the parties, Defendant Terry O'Neal d/b/a Chick-fil-A at Fort Oglethorpe FSU ("Defendant") and Plaintiff Mildred Fricks ("Plaintiff"), to submit their Joint Preliminary Report and Discovery Plan pursuant to and in accordance with LR 16.2, NDGa and *Fed. R. Civ. P.* 26(f).

**1. Description of the Case:**

   a. Describe briefly the nature of this action.

   **This case involves a trip and fall incident that occurred at Defendant's Chick-fil-A branded restaurant in Fort Oglethorpe, Georgia on February 11, 2016.**

   b. Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

>**Plaintiff alleges that she tripped and fell at Defendant's Chick-fil-A branded restaurant in Fort Oglethorpe, Georgia on February 11, 2016 and sustained damages as a result of an allegedly dangerous condition on Defendant's premises.**

 c. The legal issues to be tried are as follows:

>**The legal issues in this case include duty, actual and constructive notice, causation, damages, and modified comparative fault.**

 d. The cases listed below (include both style and action number) are:

  i. Pending Related Cases:

>**None.**

  ii. Previously Adjudicated Related Cases:

>**None.**

**2.** **This case is not complex.**

**3.** **Counsel:**

 a. The following individually-named attorneys are hereby designated as lead counsel for the parties:

  Plaintiff: **Zachary W. England**

  Defendant: **Sean W. Martin**

**4.** **Jurisdiction:**

 a. Is there any question regarding this Court's jurisdiction?

>**No.**

5. **Parties to this Action:**

   a. The following persons are necessary parties who have not been joined:

   **None.**

   b. The following persons are improperly joined as parties:

   **None.**

   c. The names of the following parties are either inaccurately stated or necessary portions of their names are omitted.

   **None.**

   d. The parties shall have a continued duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties on errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of *Fed. R. Civ. P.* 15. Further instructions regarding amendments are contained in LR 15, NDGa.

   a. List separately any amendments to the pleadings that the parties anticipate will be necessary:

   **None.**

      b.    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. LR 7.1A(2), NDGa

      a.    *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. LR 37.1, NDGa,

      b.    *Summary Judgment Motions*: Within thirty days after the close of discovery, unless otherwise permitted by court order. LR 56.1, NDGa.

      c.    *Other Limited Motions*: Refer to LR 7.2(A), 7.2(B), and 7.2(E), NDGa, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

      d.    *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to LR 7.2(F), NDGa.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with *Fed. R. Civ. P.* 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.   Refer to *Fed. R. Civ. P.* 26(a)(1)(B).

**The parties do not object to making initial disclosures in accordance with *Fed. R. Civ. P.* 26.**

**9.     Request for Scheduling Order:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference with the Court.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2(A), NDGa, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a

discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Discovery may be needed regarding the facts of the alleged trip and fall and the damages claimed by the Plaintiff.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties do not anticipate that additional time beyond the assigned four-month discovery track will be needed to complete discovery.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    a. What change should be made in the limitations on discovery imposed under the *Federal Rules of Civil Procedure* or Local Rules of this Court, and what other limitations should be imposed?

    **None.**

    b. Is any party seeking discovery of electronically stored information?

    **Yes.**

i. The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (*e.g.*, accessibility, search terms, data limitations, or key witnesses) as follows:

> **The parties agree that no limitations are needed to the scope of electronically stored information at this time.**

ii. The parties have discussed the format for the production of electronically stored information (*e.g.*, Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native, method of product (*e.g.*, paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> **The parties will produce electronically stored documents in PDF format.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

> **The parties do not request any additional orders from the Court at this time.**

**13.   Settlement Potential:**

a.    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 19, 2020,[1] and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

> For plaintiff:   **Zachary W. England.**
>
>> Other participants: **None.**
>
> For defendant:   **Sean W. Martin.**
>
>> Other participants: **None.**

b.    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

> **The possibility of settlement after some discovery.**

c.    Counsel do intend to hold additional settlement conferences among themselves prior to the close of discovery.

d.    The following specific problems have created a hindrance to settlement of this case.

> **None.**

---

[1] The Local Rules of this Court generally require an "in person" conference. *See* LR 16.1, NDGa. In light of the COVID-19 epidemic and this Court's March 17, 2020 Order (D.E. 15 ¶ 4), undersigned counsel conducted their conference telephonically.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**The parties do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted,

**CARR ALLISON**

By: ___/s/ Sean W. Martin_____
    **SEAN W. MARTIN, GA BPR #474125**
    Attorney for Defendant
    651 E. 4th Street, Suite 100
    Chattanooga, TN 37403
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com

**WARREN & GRIFFIN, PC**

BY: _/s/ Zachary W. England_____
    **ZACHARY W. ENGLAND**
    **GA BPR #918280**
    Attorney for Plaintiff
    736 Georgia Ave., Ste. 600
    Chattanooga, TN 37402
    (423) 265-4878
    zackengland@warrenandgriffin.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2020, I electronically filed a **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Zachary England
    Warren & Griffin, P.C.
    736 Georgia Avenue, Suite 600
    Chattanooga, TN 37402

        **CARR ALLISON**

        BY: _____/s/ Sean W. Martin_____
            **SEAN W. MARTIN, GA BPR #474125**
            Attorney for Defendant
            736 Market Street Suite 1320
            Chattanooga, TN 37402
            (423) 648-9832 / (423) 648-9869 FAX
            swmartin@carrallison.com