IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MILDRED FRICKS, | : | |
| Plaintiff(s), | : | |
| v. | : | CIVIL ACTION NO. 4:19-cv-0296-AT |
| TERRY O'NEAL d/b/a CHICK-FIL-A at FORT OGLETHORPE FSU, | : | |
| Defendant(s). | : | |

## ORDER

This personal injury case is before the Court on Defendant's Motion to Dismiss [Doc. 7] ("MTD"). Defendant removed the case to this Court on December 20, 2019 based on federal question jurisdiction. (Doc. 1.) The basis for federal question jurisdiction appears to be Plaintiff's negligence per se claim's incorporation of purported federal ADA standards. However, because Plaintiff's claims do not present a federal question, the Court will remand this matter to the Superior Court of Catoosa County, Georgia.

**I.     Background**

Plaintiff is a resident and citizen of Catoosa County, Georgia. (2d. Am. Compl. ¶ 1, Doc. 5.) Defendant is alleged to be a "domestic corporation," but appears to be an individual operating a franchise under a fictitious name in

Georgia. (*Id.* ¶ 2.) Plaintiff filed this personal injury case in the Superior Court of Catoosa County on January 18, 2018. (Compl., Doc. 1-3 at 1.) The Original Complaint alleged that Plaintiff was injured on Defendant's premises as a result of a partially hidden bush. (*Id.* ¶ 5.)

On November 21, 2019, Plaintiff filed a Second Amended Complaint in Superior Court. (2d. Am. Compl., Doc. 5.) The Second Amended Complaint now alleged that the "curb ramp" on Defendant's premises "was poorly configured, non-uniform, and did not comply with the safety standards of the ADA and Life Safety Code, specifically section 4.7.5." (*Id.* ¶ 5.) Plaintiff further alleged that "Defendant's failure to comply with the above-referenced statutes was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence *per se*." (*Id.* ¶ 5.)

On December 20, 2019, Defendant removed the case to this Court on the basis of federal question jurisdiction, alleging that "Plaintiff's Second Amended Complaint is a civil action for damages arising out of alleged violations of the Americans with Disabilities Act of 1990 ["ADA"] codified at 42 U.S.C. § 12101 *et seq*." (Not. Removal ¶ 2.)

## II.   Legal Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the Plaintiff and treats its allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[D]etailed factual allegations" are not required, but something "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

A defendant may remove a state-court action only where it "originally could have been filed in federal court." 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This Court is obligated to consider, *sua sponte*, whether it has jurisdiction over a removed action. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). At any time following removal, a "district court may remand a case sua sponte" where jurisdiction is lacking. *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

This Court has jurisdiction when "[(1)] the parties are diverse and meet the statutory requirements for diversity jurisdiction . . . [(2)] the face of the complaint raises a federal question . . . [or (3)] the subject matter of a putative state-law claim has been totally subsumed by federal law," such that the state-law claims are completely preempted. *Lontz v. Tharp*, 413 F.3d 435, 439-40 (4th Cir. 2005). The

3

burden is on the removing party to establish federal subject-matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009); *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

## III. Discussion

Defendant seeks dismissal of Plaintiff's claims on several grounds. First, Defendant argues that the Second Amended Complaint fails to plausibly allege the purported ADA standards violations were the proximate cause of her injuries. (Br. Supp. MTD at 5, Doc. 7-1.) Second, Defendant asserts that the Second Amended Complaint fails to sufficiently identify the statutes that support her claim of negligence *per se*. (*Id.* at 6.) Third, Defendant contends that Defendant's negligence *per se* claims based on the ADA should be dismissed because she failed to show that she "falls within the class of persons [the statute or regulation] was intended to protect." (*Id.* at 7) (citing *Hubbard v. DOT*, 568 S.E.2d 559, 567 (Ga. Ct. App. 2002).) Finally, Defendant argues that any claims based on alleged violations of the ADA should be dismissed, as that statute does not provide a private right of action for damages.

The latter argument proves too much, as it leads to the conclusion that this case was improperly removed. The Eleventh Circuit dealt with a case substantially similar to this case in *Jairath v. Dyer*, 154 F.3d 1280, 1280 (11th Cir. 1998). Like in this case, the plaintiff in that case "brought suit pursuant to O.C.G.A. § 51–1–6, for damages based upon a breach of a duty created under the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12182(a)." *Id*. The defendant in

4

that case, "asserting that the case involved a substantial question of federal law, filed a notice of removal in federal court." *Id.* at 1280–81. As with this case, the plaintiff did "not assert a cause of action created by federal law. Rather, he assert[ed] a state law cause of action for damages . . . [arguing that] federal law, namely, the ADA, create[d] the duty which [he] claim[ed] ha[d] been violated." *Id.* at 1282. "Thus," the Eleventh Circuit noted, "the instant case does not fall within the vast majority of federal question cases involving the assertion of a federally created cause of action," and therefore the court had to "determine whether the instant case fits within that more limited category of cases where federal-question jurisdiction may also be available if a substantial question of federal law is a necessary element of a state law cause of action." *Id.*

The Supreme Court has recognized "that a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9. (1983)). However, as the Eleventh Circuit noted, that statement must be

> 'read with caution'; that 'determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system'; that there was a 'need for prudence and restraint in the jurisdictional inquiry"; that the fact that a federal issue was an element of a state law claim did not 'automatically confer federal-question jurisdiction,' but rather, that the analysis must entail 'careful judgments about the exercise of federal judicial power.'

5

*Jairath,* 154 F.3d at 1282 (quoting *Merrell Dow,* 478 U.S. at 809–10, 13–14) (internal citations omitted).

The Eleventh Circuit held in *Jairath* that "*Merrell Dow* supports the conclusion in this case that the district court did not have subject matter jurisdiction over [the plaintiff's] cause of action seeking damages under state law." *Id.* at 1283. The court noted that in that case "as in *Merrell Dow*, Congress chose not to provide the damages remedy which" the plaintiff sought. *Id.* The court wrote that "[a]lthough a private right of action for injunctive relief does exist under the ADA, it is uncontested that there is no private right of action for damages. . . . [and the plaintiff] could not pursue injunctive relief under the ADA because he does not have standing to pursue such an action." *Id.* (footnotes omitted).

More recently, in *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006), the Supreme Court emphasized that the key factors which made the exercise of federal court jurisdiction appropriate where state law supplies the cause of action included whether: (1) the dispute centered on the action of a federal agency and the compatibility of that action with federal law, (2) the federal issue involved the resolution of a nearly pure issue of law, and (3) resolution of the legal question would be controlling in numerous other cases. The Court in *Empire* further explained that federal jurisdiction would not however be appropriate where: (1) the dispute was between private parties, (2) the resolution of the federal issue was not case dispositive, and (3) the claim was "fact-bound and situation-specific." *Id.* at 700-01. Such factors are typically absent in "garden variety state

6

tort law" actions in which "[t]he violation of federal statutes and regulations is commonly given negligence per se effect." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005).

"This case is the kind of garden variety state tort action for which federal question jurisdiction is not appropriate." *Coker v. Kindred Healthcare Operating, Inc.*, 1:14-CV-03672-AT, 2015 WL 11439176, at *6 (N.D. Ga. Feb. 27, 2015). Indeed, Plaintiff's

> state law tort action . . . — an action between private parties involving no federal agency where a court's application of a federal regulation's standard of care is likely to be fact-bound and situation-specific and not controlling in numerous other cases—is not likely to depend on resolution of a substantial question of federal law creating federal question jurisdiction."

*Id.* Indeed, while the Second Amended Complaint references the ADA, Plaintiff in no way purports to bring a claim under the ADA's statutory private right of action for injunctive relief. The entirety of the Second Amended Complaint's substantive allegations are set forth below:

> 4. On February 11, 2016, Plaintiff Mildred Fricks was an invitee at the restaurant operated and managed by Defendant.
>
> 5. A hazard existed on Defendant's premises that Defendant knew or should have known existed, to wit: the curb ramp was poorly configured, non-uniform, and did not comply with the safety standards of the ADA and Life Safety Code, specifically section 4.7.5.
>
> 6. Defendant's failure to comply with the above-referenced statutes was the direct and proximate cause of Plaintiffs injuries and damages and thus constitutes negligence *per se.*
>
> 7. The hazard was unknown to Plaintiff Mildred Fricks, and due to remodel, design, placement, and location, could not be seen by Plaintiff with the use of reasonable care for her own safety. The

defendant should have had the curb ramp properly marked with yellow paint to prevent trips/falls. The curb ramp created a trip and fall hazard due to it not being properly marked.

8. Defendant was under an obligation and a duty to operate and maintain its walkways and sidewalks in a safe and prudent manner.

9. The Defendant breached its duties of care to Plaintiff by failing to properly maintain its premises and failed to provide notice or warning of the dangerous condition both to plaintiff Fricks and other patrons.

10. As a proximate cause of this breach of duty of care, Plaintiff Mildred Fricks sustained personal injuries, including, but not limited to, medical charges, pain, suffering, and loss of enjoyment of life and the opportunity to earn wages.

(*See generally* 2d. Am. Compl.) While the Second Amended Complaint contains a demand for "[a]ny and all other general and equitable relief the Court may deem just," this is hardly a request for "injunctive relief . . . [in the form of] an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by" the ADA, as set forth in 42 U.S.C. § 12188.[1]

Plaintiff belatedly offers to amend her complaint a third time to provide more detail about the ADA violations in question, but nothing in the proposed Third Amended Complaint shifts this case over the line into a federal question case. (Doc. 14-1). Plaintiff also offers to amend her complaint "to relieve the Defendant

---

[1] Furthermore, "Defendant['s] potential negligence liability does not necessarily depend on resolution of a federal law issue. . . ." *Stephens Cty. v. Wilbros, LLC*, 2:12-CV-0201-RWS, 2012 WL 4888425, at *3 (N.D. Ga. Oct. 6, 2012) (citing *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148 (4th Cir. 1994)) The Second Amended Complaint also alleges "the curb ramp was poorly configured, [and] non-uniform" and that "Defendant breached its duties of care to Plaintiff by failing to properly maintain its premises and failed to provide notice or warning of the dangerous condition both to plaintiff Fricks and other patrons." (2d Am. Compl. ¶¶ 5, 9).

of liability for its violations of the Americans with Disabilities Act . . . [which] would dispense of this Court's federal question jurisdiction, permitting the Court to remand the case to the Superior Court of Catoosa County, Georgia." While this is unnecessary for the above reasons, Defendant goes so far as to seek an award of fees and costs against incurred as a result of the removal in under 28 U.S.C. § 1447(c) in response to Plaintiff's offer to remove the ADA allegations. But it was Defendant who was apparently aware of the doubtful basis for this Court's jurisdiction since at least the filing of its Motion to Dismiss, as it cited *Jairath* in its brief, the case most squarely on point for why this Court lacks federal question jurisdiction. (Br. Supp. MTD at 12) (citing *Jairath*, 154 F.3d at 1282.)

**IV. Conclusion**

There is no reason for a slip and fall case to languish in multiple courts for more than two years. The parties should seriously consider cutting their losses and settling this case. However, for the above reasons, this case must suffer further delay as it is shuffled back to Superior Court.

It is **ORDERED** that the Court has determined it lacks subject-matter jurisdiction over this case, and accordingly this case is **REMANDED** to the Superior Court of Catoosa County, Georgia. [Doc. 7]. The Clerk is directed to close this case.

**IT IS SO ORDERED** this 22nd day of June, 2020.

_____
**Honorable Amy Totenberg**
**United States District Judge**